IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CLIFTON DEMONT HALL,                :
                                    :
            Plaintiff,              :
                                    :
    v.                              :    Civ. No. 11-1005-LPS
                                    :
SUSSEX COUNTY SUPERIOR COURT,       :
et al.,                             :
                                    :
            Defendants.             :

---

Clifton Demont Hall, Dauphin County Prison, Harrisburg, Pennsylvania, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 29th, 2012
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Clifton Demont Hall ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] At the time he filed the Complaint, Plaintiff was incarcerated at the Worchester County Jail in Snow Hill, Maryland. He is currently incarcerated at the Dauphin County Prison in Harrisburg, Pennsylvania. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

In 1992, Plaintiff was arrested and processed by Delaware State Police detectives at Troop #4 in Georgetown, Delaware. At the time, Plaintiff's birth year was incorrectly entered, making it appear that he was eighteen instead of seventeen, his actual age. Plaintiff was tried in the Sussex County Superior Court and sentenced. He was represented by Public Defender Lawrence M. Sullivan. Plaintiff alleges that his arrest, trial, and sentencing occurred without a consenting adult and, as a result, he has served multiple years of incarceration as a convicted felon.

## III. LEGAL STANDARD

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

The Complaint raises claims pursuant to 42 U.S.C. § 1983 for acts that occurred in 1992. Plaintiff filed his Complaint in 2011. Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. When the affirmative defense of statute of limitations

3

is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. Jan. 10, 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 260 F. App'x 454, 455 (3d Cir. Dec. 7, 2006) (not published). Plaintiff's claims arose in 1992, but he only first filed his Complaint in October 2011. As is evident from the face of the Complaint, Plaintiff's claims are barred by the applicable two-year limitation period.

Accordingly, the Court will dismiss the Complaint as time-barred pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915A(b)(1).

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile. Plaintiff's Requests for Counsel will be denied as moot.

An appropriate Order follows.